## JOHN A. EVELER, PROSECUTOR, v. CITY OF ATLANTIC CITY, RESPONDENT.

Submitted December 6, 1917—Decided January 31, 1918.

*Pamph. L.* 1915, *p.* 285, known as the State Traffic act, prohibits the passing of ordinances by cities, &c., on any matter covered by the act, but ordinances may be passed providing for regulations, which apply to special conditions, when approved by the commissioner of motor vehicles. Under an ordinance of Atlantic City, the prosecutor in this case was convicted for parking an automobile, in violation of such ordinance. The ordinance not having been approved by the commissioner of motor vehicles, as required by the statute, the conviction is illegal and set aside.

On *certiorari.*

Before Justices GARRISON, BERGEN and BLACK.

For the prosecutor, *Herbert R. Voorhees.*

For the respondent, *Harry Wootton* and *Joseph B. Perskie.*

The opinion of the court was delivered by

BLACK, J.  The prosecutor in this case was convicted before the recorder of Atlantic City and fined five dollars ($5) for parking an automobile on July 13th, 1917, on the east side of Ocean avenue, within three hundred and fifty-one feet (351) of the boardwalk, for a longer period of time than required to load and unload, in violation of section five (5) of an ordinance of Atlantic City. The ordinance was passed May 24th, 1917; approved June 2d, 1917. Atlantic City has adopted and is governed by the acts of the legislature (*Pamph. L.* 1902, *p.* 284, and *Pamph. L.* 1911, *p.* 462), commonly known as the Commission Government or Walsh act.

The ground on which this conviction is sought to be set aside is found in the act of the legislature (*Pamph. L.* 1915, *p.* 285), known as the State Traffic act; that act, it is urged, prohibits cities and other municipalities from passing any ordinance covering the matters set forth in the statute, being the same subjects covered by the ordinance now under investigation, or, at least, that part of the ordinance under which the conviction in this case was made, could not take effect until it had been approved by the commissioner of motor vehicles, as provided in the statute.

An examination of the statute, the State Traffic act, reveals the following provisions: The title is most comprehensive, providing for the regulation of vehicles, animals and pedestrians on all public roads and turnpikes of the state, and granting authority to towns, cities, boroughs and townships, under certain restrictions for the adoption of ordinances further regulating vehicles; and by section 25 (1), towns, boroughs, townships, cities or other municipalities are prohibited from passing any ordinance on any matter covered by this act,

or to pass ordinances altering or in anywise nullifying the provisions of the act, but they may pass ordinances, which apply to a special condition existing in such municipality alone on designated subjects and within certain limitations, one of which is, "regulations governing the parking of vehicles on streets and portions' of streets," but all such ordinances passed shall not be in force and effect until the same have been submitted to the commissioner of motor vehicles and approved by him. The record affirmatively shows that this ordinance has not been approved by the commissioner of motor vehicles of the state. This disposes of this case; the statute is clear, there is no room for construction; it is founded in a wise public policy, viz., to promote a uniformity of regulating traffic throughout the state; it should be observed and not evaded by the local authorities.

The conviction in this case, therefore, is set aside, with costs.